IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

IN RE:

BAREFOOT COTTAGES            CASE NO.: 09-50089-LMK
DEVELOPMENT COMPANY, LLC,    Chapter 11

      Debtor.
_____

### ORDER CONFIRMING FIRST AMENDED PLAN FILED BY WHITNEY NATIONAL BANK

      The Plan under Chapter 11 of the Bankruptcy Code filed by Whitney National Bank on July 23, 2009, and as modified by that First Amended Plan of Reorganization filed on October 13, 2009, and the First Amendment thereto (hereinafter, the "Plan"), having been submitted to creditors and parties in interest, and after notice and after a confirmation hearing, the Court finds and decides as follows:

      1.    The confirmation of the Plan came on for hearing before the Court on February 17, 2010. At the hearing, Whitney National Bank offered the following *ore tenus* Amendments to the First Amended Plan:

        a)       The limit on administrative claims at Article X, § 10.015, is deleted.

        b)       Funding for the administrative claims, if any, in excess of $150,000.00 shall be furnished by Clark, Partington, Hart, et al., or its insurance carrier.

2.      After hearing the evidence and having considered the argument of counsel, the Court made findings of fact and conclusions of law stated upon the record on March 22, 2010. Those findings of fact and conclusions of law shall constitute the findings of this Court in accordance with the applicable Bankruptcy Rules.

3.      The solicitation of acceptances or rejections in this case was in compliance with any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation; or if there is not any such law, rule, or regulation, such acceptances or rejections were solicited after disclosure to such holders of adequate information as defined in Section 1125(a) of Title 11, United States Code.

4. The Plan meets with the requirements of Sections 1122 and 1123 of Title 11 and Whitney National Bank has complied with Section 1125 of Title 11.

5. The Plan has been accepted in writing by the creditors whose acceptance is required by law.

6. Each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the debtor was liquidated under Chapter 7 of the Code on such date.

7. The Provisions of Chapter 11 of the Code have been complied with and the Plan has been proposed in good faith and not by any means forbidden by law.

8. The Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired.

9. All payments made or promised by the Debtor or any other person for services or for costs and expenses in, or in connection with, the Plan and incident to this case, have been fully disclosed to the court and are

reasonable or, if to be fixed after confirmation of the plan, will be subject to the approval of the Court.

10. The identity of insiders that will be employed or retained by the Debtor and their compensation have been fully disclosed.

11. With respect to each allowed secured claim provided by the Plan, the holder of such claim has accepted the Plan.

12. With the funding sources provided under the Plan, the Debtor /Liquidating Trustee will be able to make payments required by the Plan and to comply with the Chapter 11 Plan.

IT IS ORDERED AND ADJUDGED:

1. The Plan is hereby confirmed.

2. The Effective Date of the Plan is May 12, 2010.

3. Pursuant to Article XI of the Chapter 11 Plan, the Court shall retain jurisdiction until the estate is closed or this case is dismissed for all purposes set forth therein, including disputes as to the validity, amount and classification of any claims.

4. Whitney National Bank shall retain its mortgage lien on its collateral. Upon the Effective Date of the Plan, title to all of the property of the

4

Estate is vested in the Debtor free and clear of all liens, encumbrances and other interests, except as set forth in the Plan, and the Debtor may hereafter sell, dispose of, transfer and convey property without further order of this Court.

    5.    Pursuant to the Whitney National Bank Amended Plan and the Amendment to same, the Debtor is not discharged from any debt that arose before the date of confirmation.

    6.    Pursuant to Section 1146(c) of the Bankruptcy Code, the (i) creation, transfer, filing and recording of any mortgage, deed of trust, or other security interest; (ii) making assignment, filing or recording of any lease or sublease; or (iii) making delivery, filing or recording of any deed or other instrument of transfer under, in furtherance of or in connection with any transactions consummated pursuant to the Plan or any other similar action to be taken pursuant to the Plan by Whitney National Bank or the Liquidating Trustee, as the case may be, shall not be subject to any document recording, stamp tax, conveyance, filing or transfer fee, intangibles or other similar tax, mortgage tax, real estate transfer tax, mortgage recording tax or other similar tax or governmental assessment. The appropriate state, county and local

government officials or agents shall be, and are hereby directed to forego the collection of any such fee, tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such fee, tax or governmental assessment.

   DONE AND ORDERED in Chambers, in Tallahassee, Leon County, Florida, this 12th day of April, 2010.

          _____/s/ Lewis M. Killian_____
          HONORABLE LEWIS M. KILLIAN, JR.
          U.S. BANKRUPTCY JUDGE

Conformed Copy to:
 All Creditors and Parties in Interest

PREPARED BY:
PHILIP A. BATES
PHILIP A. BATES, P.A.
25 West Cedar Street, Suite 550
P. O. Box 1390
Pensacola, FL 32591-1390
Florida Bar No.: 228354